THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HENRY JEFFREY, Appellant.

Appeal from a judgment of conviction of the County Court of Jefferson county, rendered December 18, 1915.

PER CURIAM: We are of the opinion that the evidence fairly shows that the defendant appropriated the property openly and avowedly under a claim of title preferred in good faith. Even if there is some evidence to the contrary, the verdict of the jury is against the weight of the evidence upon that question. All concurred, except Foote, J., who dissented and voted for affirmance. Judgment of conviction and order reversed, and new trial granted upon the law and facts.

———

In the Matter of the Last Will and Testament of MARY BUESCH, Deceased.

EUGENE M. BARTLETT, as Special Guardian of ELEANOR BUESCH, Appellant; ST. JAMES CHURCH and Others, Respondents.

Appeal from two decrees of the Surrogate's Court of Erie county, entered December 26, 1916, and January 9, 1917, respectively.

PER CURIAM: The decrees should be affirmed, and the appeal is so lacking in merit that no costs should be allowed to the special guardian. All concurred. Decrees affirmed, without costs.

———

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. AIKENHEAD, BAILEY & DONALDSON, INC., and Another, Appellants.— Judgment and order affirmed, with costs. All concurred.

WELLING E. MAPES and Others, as Temporary Administrators, etc., Respondents, v. EDWARD L. WALLACE, IMP., etc., Appellant. (Action No. 1.) WELLING E. MAPES and Others, as Temporary Administrators, etc., Respondents, v. EDWARD L. WALLACE, IMP. etc., Appellant. (Action No. 2.) — Upon reargument, judgment in each case affirmed, with costs. All concurred.

MOLLIE RARRICK, as Administratrix, etc., Appellant, v. WILLIAM S. McMILLAN, Respondent.— Judgment and order reversed and new trial ordered, with costs to appellant to abide event. Held, that while there was ample evidence to justify the verdict upon the ground of contributory negligence, we are unable to say with certainty that the jury based their verdict upon that ground, and as the court erred in receiving the declarations of the deceased that he was not married to the mother of the plaintiff, and his declarations concerning his association with and conduct toward other women, we think that a new trial should be granted. All concurred, except Merrell, J., who dissented and voted for affirmance.